IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHANE TAYLOR BURNS,

                    Plaintiff,                                    **8:23CV53**

        vs.

NDCS MENTAL HEALTH DEPT,                           **MEMORANDUM AND ORDER**

                    Defendant.

Plaintiff Shane Taylor Burns filed a Complaint on February 9, 2023. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 9. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is an inmate currently incarcerated in the Tecumseh State Correctional Institution. *See* Filing No. 19. When Plaintiff filed his Complaint, he was a patient on the Mental Health Unit ("MHU") at the Lincoln Correctional Center ("LCC"). Filing No. 1 at 4. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Nebraska Department of Correctional Services ("NDCS") Mental Health Department for events that occurred while Plaintiff was confined at the LCC. *Id.* at 2. Liberally construed, Plaintiff also sues NDCS mental health staff Ted Hill ("Hill"), Kristina Milburn ("Milburn"), and Joan Raffety ("Raffety") in their individual and official capacities (collectively the "individual Defendants").[1] *Id.* at 2, 8, 14, 32. Plaintiff alleges the NDCS Mental Health

---

[1] *See Miller v. Hedrick*, 140 Fed. App'x 640, 641 (8th Cir. 2005) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.")).

Department and the individual Defendants were deliberately indifferent to Plaintiff's safety related to an incident on September 6, 2019.

Prior to the incident on September 6, 2019, Plaintiff had been "cycling with mental health disturbances for weeks off and on and made frequent stays to DEC SNF[2] and to C-2 SMHU on Plan A and Plan B status and mental health/medical observation." *Id.* at 5 (punctuation omitted).  For instance, on August 21, 2019, after Plaintiff informed a nurse that he was "not feeling safe on the unit and thinks that he would [be] safe on plan A status," the nurse notified Milburn who ordered Plaintiff be placed on Plan A status.  *Id.* at 24.  At some point, Plaintiff was placed back into the general population MHU.  *Id.* at 6.

Beginning on September 4, 2019, Plaintiff was in an altered state of mind for three days.  Plaintiff and several others informed NDCS mental health staff, including the individual Defendants, that Plaintiff was talking about hurting himself by jumping off the top tier of the housing unit, but the staff did nothing to intervene such as placing Plaintiff on "Plan A suicide watch [with] 15 minute checks."  *Id.* at 7, 32.  At 7:40 a.m. on September 6, 2019, at the LCC MHU, Plaintiff was suffering from auditory command hallucinations and jumped off the top tier (the "September 6 Incident").  *Id.* at 7.  At the time of the September 6 Incident, Plaintiff was housed with a "CNA[3] Porter."  *Id.* at 6.

As a result of the September 6 Incident, Plaintiff sustained injuries to both of his ankles, received emergency surgery on his left ankle, and now has permanent damage to both feet.  *Id.* at 20.  Plaintiff seeks $1.5 million in damages for his injuries.

---

[2] The Court understands "DEC SNF" to mean the Diagnostic and Evaluation Center Skilled Nursing Facility.

[3] The Court understands "CNA" to be an abbreviation for Certified Nursing Assistant.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by

3

the United States Constitution or created by federal statute and also must show that the

alleged deprivation was caused by conduct of a person acting under color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.

1993).

### III.  DISCUSSION

**A. Sovereign Immunity**

Liberally construed, Plaintiff sues the NDCS Mental Health Department and the

individual Defendants in their official capacities for damages.  However, states or

governmental entities that are considered arms of the state are not suable "persons"

within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S.

58, 70 (1989).  Thus, the NDCS Mental Health Department must be dismissed from this

action for failure to state a claim upon which relief may be granted.  Moreover, the

Eleventh Amendment bars claims for damages by private parties against a state, state

instrumentalities, and an employee of a state sued in the employee's official capacity.

*See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover

Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).  Any award

of retroactive monetary relief payable by the state, including for back pay or damages, is

proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an

override of immunity by Congress.  *See, e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-

78 (8th Cir. 1981).

There is nothing in the record before the Court showing that the State of

Nebraska waived, or that Congress overrode, sovereign immunity in this matter.  Thus,

Plaintiff's claims for money damages against the individual Defendants in their official capacities are barred by the Eleventh Amendment.

## B. Eighth Amendment Deliberate Indifference Claim

Liberally construed, Plaintiff sues the individual Defendants in their individual capacities and alleges they were deliberately indifferent to Plaintiff's serious medical needs by failing to protect him from self-harm. "The Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs, including the risk of suicide" and self-harm. *A.H. v. St. Louis Cnty., Missouri*, 891 F.3d 721, 726 (8th Cir. 2018) (internal quotation omitted). *See also Reese v. Sherburne Cnty. Det. Ctr.*, No. 019CV1975ECTKMM, 2021 WL 4896996, at *4 (D. Minn. Sept. 14, 2021), *report and recommendation adopted*, No. 19-CV-1975 (ECT/KMM), 2021 WL 4895274 (D. Minn. Oct. 20, 2021) ("Where the harm from which a prisoner claims to be in need of protection is self-harm, the Eighth Circuit has treated failure-to-protect allegations as deliberate-indifference-to-medical-needs claims." (citing *Hott v. Hennepin County, Minn.*, 260 F.3d 901, 905 (8th Cir.2001) (collecting cases))); *Hawkins v. Cnty. of Lincoln*, 785 F. Supp. 2d 781, 785–86 (D. Neb. 2011) (same). To establish an Eighth Amendment violation, a prisoner must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded. *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020), *reh'g denied* (May 12, 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)). Ascertaining "[w]hether an official was deliberately indifferent requires both an objective and a subjective analysis." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

5

"The objective component of a claim for deliberate indifference to serious medical needs is satisfied if the medical need in question 'is supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Bailey v. Feltmann*, 810 F.3d 589, 594 (8th Cir. 2016) (internal quotation omitted)).  Establishing the subjective component of a deliberate indifference claim requires "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (internal citations and quotation marks omitted).  Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff's allegations satisfy the objective component as he was a patient on the MHU at LCC at the time of the September 6 Incident, he had been suffering from mental health disturbances for which he had been placed under mental health and medical observation in the weeks prior to the September 6 Incident, and Plaintiff attached documentation to his Complaint showing he has psychiatric diagnoses for Schizoaffective Disorder, Bipolar Type; Attention-Deficit/Hyperactivity Disorder; Antisocial Personality Disorder; and Borderline Personality Disorder.  Filing No. 1 at 4–5, 21.  Plaintiff's Complaint also alleges sufficient facts to suggest that the individual Defendants, Hill, Milburn, and Raffety, were aware of facts from which the inference could be drawn that Plaintiff presented a serious risk of self-harm.  Plaintiff spoke to Raffety on September 4, 2019, and told her that he "was thinking about hurting

6

[himself]" and he "was having thoughts of jumping off the top tier." Filing No. 1 at 32 (spelling corrected). At least two other inmates also reported to Hill and Milburn on September 4, 2019, that Plaintiff was talking about harming himself by jumping off the top tier. *Id.* at 8, 14.

Thus, for purposes of initial review, Plaintiff has alleged a plausible Eighth Amendment claim for deliberate indifference to his serious medical needs related to the September 6 Incident against the individual Defendants. *See Robinson v. Vanlengen*, No. 8:22CV151, 2023 WL 5899861, at *12 (D. Neb. Sept. 11, 2023) (prisoner alleged plausible Eighth Amendment claim related to his attempted suicide where prisoner signed a do not resuscitate order and made several statements to staff indicating a risk of self-harm). The Court will give Plaintiff leave to file an amended complaint naming Hill, Milburn, and Raffety as defendants in their individual capacities as set forth below.

## IV.  OTHER PENDING MOTIONS

### A.  Motion for Appointment of Counsel

Plaintiff has filed a request for the appointment of counsel. Filing No. 7; *see also* Filing No. 17 and Filing No. 19 (inquiring if Plaintiff will be appointed counsel). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir.

1996)).  Moreover, "[t]he appointment of counsel 'should be given serious consideration . . . if the plaintiff has not alleged a frivolous or malicious claim' and the pleadings state a prima facie case."  *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992) (quoting *In re Lane*, 801 F.2d 1040, 1043 (8th Cir.1986) (internal quotation omitted)).

Here, the Court has concluded that Plaintiff has alleged sufficient facts to state an Eighth Amendment claim against the individual Defendants.  However, the Court's conclusion is based on a very liberal construction of the Complaint, as Plaintiff did not name the individual Defendants as parties to this action, but rather only named the NDCS Mental Health Department.  Thus, amendment of the Complaint is necessary to name the individual Defendants as parties in their individual capacities.   In other documents filed with the Court, *e.g.*, Filing No. 17, Plaintiff also expresses a desire to amend his Complaint to add additional information and claims for punitive damages, but he has not sought to amend the Complaint in conformity with this Court's local rules.  *See* NECivR 15.1(a).  Plaintiff has often expressed confusion about how to proceed next and what is expected of him.  *See, e.g.*, Filing No. 10; Filing No. 12; Filing No. 15. Plaintiff also expresses a need for counsel to help him "obtain evidence for this case." Filing No. 19.  Accordingly, upon careful consideration, the Court concludes that Plaintiff and the Court would benefit from the appointment of counsel at this stage in the matter. Counsel is appointed as set forth below.

**B.  Motions for Status**

Plaintiff has filed three motions inquiring as to the status of his case.  Filing No. 17; Filing No. 18; Filing No. 19.  Upon consideration, Plaintiff's motions for status are granted, and this Memorandum and Order serves to advise Plaintiff of the status of his

case.  The Court has conducted an initial review of Plaintiff's Complaint and determined that Plaintiff has alleged a plausible claim for relief against the individual Defendants. The Court will appoint counsel for Plaintiff to assist him in amending and prosecuting his Complaint as set forth below.

## V.  CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief under 42 U.S.C. § 1983 against the named defendant, the NDCS Mental Health Department, and Plaintiff's claims against the NDCS Mental Health Department must be dismissed.  However, Plaintiff's Complaint alleges a plausible Eighth Amendment Claim against the individual Defendants, Hill, Milburn, and Raffety, in their individual capacities, and Plaintiff is given leave to file an amended complaint against these defendants.  The Court will grant Plaintiff's request for the appointment of counsel and appoint counsel to aid Plaintiff in amending his Complaint to name the proper defendants as specified below.

IT IS THEREFORE ORDERED that:

1.      The following claims and parties shall be dismissed or proceed further as specified below:

    a.      Plaintiff's claims against Defendant NDCS Mental Health Department are dismissed for failure to state a claim upon which relief may be granted.

    b.      Plaintiff's claims against the individual Defendants in their official capacity are dismissed as barred by sovereign immunity.

    c.      For purposes of initial review only, Plaintiff has stated plausible Eighth Amendment claims against Hill, Milburn, and Raffety in their

individual capacities.  Plaintiff is granted leave to file an amended complaint naming Hill, Milburn, and Raffety as defendants in their individual capacities.

2.      Plaintiff shall have until **January 29, 2024**, to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court may result in the Court dismissing this case without further notice to Plaintiff.

3.      Plaintiff's motions for status, Filing No. 17; Filing No. 18; Filing No. 19, are granted consistent with this Memorandum and Order.

4.      Plaintiff's motion for appointment of counsel, Filing No. 7, is granted.

5.      With thanks for accepting the appointment, Mr. Joseph Howard and the Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein Law Firm is hereby appointed to represent Plaintiff Shane Taylor Burns in this matter.[4]

6.      Mr. Joseph Howard and/or any other counsel from the Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein Law Firm is directed to promptly enter their appearance as counsel in this case.

7.      Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein Law Firm.

8.      A second and last installment of $1,000 shall become due and payable to the Dornan, Troia, Howard, Breitkreutz, Dahlquist & Klein Law Firm upon the entry of judgment or other closing documents in the case.

---

[4] The undersigned has been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

9.     Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.  *See also* NEGenR 1.7(g) and NECivR 54.3-54.4.

10.    Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

11.    Counsel for Plaintiff is initially appointed to assist Plaintiff with amendment of his Complaint as set forth in this Memorandum and Order.  Should this case eventually proceed to trial, counsel is obligated to continue to represent Plaintiff.  The appointment will not extend to any appeal after trial.

12.    The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 29, 2024**: deadline to file amended complaint.

13.    The Clerk of Court is directed to update Plaintiff's address to the address provided by Plaintiff in Filing No. 19, which is the Tecumseh State Correctional Institution, and to send a copy of this Memorandum and Order to Plaintiff's updated address.

14.    The Clerk of Court is further directed to send a copy of this Memorandum and Order to Plaintiff's appointed counsel.

Dated this 14th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge