IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANE TAYLOR BURNS,<br><br>**Plaintiff,**<br><br>vs.<br><br>TED HILL, KRISTINA MILBURN, and JOAN RAFFETY,<br><br>**Defendants.** | **8:23CV53**<br><br>**FINDINGS AND RECOMMENDATION** |

Plaintiff, proceeding without counsel at the time, filed the Complaint on February 9, 2023. (Filing No. 1). On December 14, 2023, the Court entered a Memorandum and Order (Filing No. 20) appointing counsel to represent Plaintiff, and directing Plaintiff to file an amended complaint by January 29, 2024. After granting Plaintiff an extension of time to file an amended complaint, Plaintiff filed an amended complaint on February 3, 2024. (Filing No. 26).

Based on the record before the Court, it appeared that Plaintiff failed to request summons and serve the defendants identified in the amended complaint with notice of this lawsuit within 90-days. Accordingly, on May 8, 2024, the undersigned magistrate judge issued a show cause order requiring Plaintiff to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the defendants. (Filing No. 28); see Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). The deadline for Plaintiff to respond to the show cause order was May 29, 2024.

Plaintiff thereafter timely filed a response to the show cause order on May 29, 2024. (Filing No. 38). Plaintiff filed summons returns for defendants Joan Raffety and Kristina Milburn, but stated defendant Ted Hill was no longer employed by the State of Nebraska, and his whereabouts are currently unknown. Plaintiff stated an investigator was making reasonable attempts to locate Mr. Hill. Accordingly, for good cause shown, on May 30, 2024, the Court extended the deadline

to complete service of process "to June 28, 2028."[1] (Filing No. 39). On July 22, 2024, the Court entered a Text Order requiring Plaintiff to show cause why Mr. Hill should not be dismissed as a defendant, or take other appropriate action, on or before August 12, 2024. (Filing No. 45).

Plaintiff did not file anything in response to the Court's July 22, 2024, Text Order. On August 21, 2024, the Court entered another Text Order in which it "recognize[d] a typographical error in its prior Orders that extended the deadline to serve Ted Hill to June 28, 2028, rather than 2024." (Filing No. 46). The Court continued, "[T]o remedy that error and eliminate confusion, the Court will provide Plaintiff with a final opportunity to serve Mr. Hill," and granted Plaintiff "an extension of time to September 25, 2024, to serve Mr. Hill." The Court warned Plaintiff that "[f]ailure to file proof of service or other document explaining why service has not been accomplished will result in a recommendation that Mr. Hill be dismissed as a defendant." (Filing No. 46) (citing Fed. R. Civ. P. 4(m)).

It is now October 1, 2024, and Plaintiff again did not file anything in response to the Court's Text Order providing him with "a final opportunity to serve Mr. Hill" by September 25, 2024. Mr. Hill was named as a defendant in Plaintiff's amended complaint on February 3, 2024, and despite being provided over seven months to serve Mr. Hill, Plaintiff has not. Under the circumstances, the undersigned magistrate judge will recommend Mr. Hill be dismissed as a defendant pursuant to Fed. R. Civ. P. 4(m). Upon consideration,

**IT IS HEREBY RECOMMENDED** to the Honorable Susan M. Bazis, United States District Court Judge, that the above-captioned case be dismissed as to the defendant, Ted Hill, without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve process.

Dated this 1st day of October, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.

---

[1] The reference to the year 2028 was, unfortunately, a typographical error.